FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 12, 2018

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEANNA K.,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:17-CV-0344-LRS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA* |

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 15) and the Defendant's Motion For Summary Judgment (ECF No. 17).

## JURISDICTION

Plaintiff, applied for Title XVI Supplemental Security Income benefits (SSI) on February 20, 2014. The application was denied initially and on reconsideration. Plaintiff timely requested a hearing which was held on September 1, 2016 before Administrative Law Judge (ALJ) Jesse Shumway. Plaintiff testified at the hearing, as did Medical Expert (ME) Nancy Winfrey, Ph.D., and Vocational Expert (VE) Polly Peterson. On October 17, 2016, the ALJ issued a decision finding the Plaintiff not disabled. The Appeals Council denied a request for review of the ALJ's decision, making that decision the Commissioner's final decision subject to judicial review. The Commissioner's final decision is appealable to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 1**

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At the time of the administrative hearing, Plaintiff was 34 years old. She does not have any past relevant work experience. Plaintiff alleges disability since February 20, 2014, on which date she was 31 years old.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 2**

legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred in: 1) improperly weighing the medical opinions; and 2) improperly rejecting Plaintiff's testimony about her symptoms.

## DISCUSSION

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. § 416.920(a)(4)(i). If she is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 3**

claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. § 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

The ALJ found the following: 1) Plaintiff has "severe" medical impairments consisting of learning disorders of math and written expression, a major depressive disorder, an anxiety disorder, somatization disorder, and a borderline personality disorder; 2) Plaintiff does not have an impairment or combination of impairments that meets or equals any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1;

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 4

3) Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but with the following non-exertional limitations: she is limited to simple, routine, and repetitive tasks with a GED reasoning level of 2 (4th to 5th grade level) or less and math level of 1 (1st to 3rd grade level); and she needs a routine, predictable work setting that requires no more than simple decision-making; 4) Plaintiff's RFC allows her to perform other jobs existing in significant numbers in the national economy, including silver wrapper, fruit cutter and potato chip sorter. Accordingly, the ALJ concluded the Plaintiff is not disabled.

**MEDICAL OPINIONS**

It is settled law in the Ninth Circuit that in a disability proceeding, the opinion of a licensed treating or examining physician or psychologist is given special weight because of his/her familiarity with the claimant and his/her condition. If the treating or examining physician's or psychologist's opinion is not contradicted, it can be rejected only for clear and convincing reasons. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if specific, legitimate reasons that are supported by substantial evidence are given. *Id*. "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The opinion of a non-examining medical advisor/expert need not be discounted and may serve as substantial evidence when it is supported by other evidence in the record and consistent with the other evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Nurse practitioners, physicians' assistants, and therapists (physical and mental health) are not "acceptable medical sources" for the purpose of establishing if a claimant has a medically determinable impairment. 20 C.F.R. § 416.913(a). Their

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 5**

opinions are, however, relevant to show the severity of an impairment and how it affects a claimant's ability to work. 20 C.F.R. § 416.913(d).

At the outset, it is noted that the ALJ did not find the existence of any "severe" physical impairments and Plaintiff does not challenge that finding. Therefore, the issue here concerns the extent of Plaintiff's limitations arising from her "severe" mental impairments.

Plaintiff was referred by the Washington Department of Social and Health Services (DSHS) to Kayleen Islam-Zwart, Ph.D., for re-evaluation in March 2014. At the behest of DSHS, Dr. Islam-Zwart had twice previously evaluated the Plaintiff: once in January 2011 and once in December 2011. In the 2014 evaluation, the doctor diagnosed Plaintiff with somatization disorder; major depressive disorder, recurrent, moderate; disorder of written expression, mathematics disorder, and personality disorder (not otherwise specified). She assigned the Plaintiff a GAF score of 48[1] indicating serious impairment in social, occupational or school functioning. (AR at p. 436). According to Dr. Islam-Zwart:

> [Plaintiff] presents with complaints of multiple health concerns, cognitive problems, and depression. She is somatically preoccupied. She also reports sleeping excessively and there are indications of maladaptive personality features. [Plaintiff's] presentation is such that she is unable to work at this time and her prognosis for the future seems poor given the range and nature of her difficulties.

(AR at p. 436).

The doctor's mental status examination revealed the Plaintiff to be "oriented

---

[1] A Global Assessment of Functioning (GAF) score of 41-50 means "serious" symptoms or "serious" impairment in either social, occupational, or school functioning. *American Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders*, (4th ed. Text Revision 2000)(DSM-IV-TR).

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

X4," with good eye contact and appropriate affect, "although she seemed a little subdued." (AR at p. 435). She was tearful for portions of the evaluation and "seemed generally distressed." (*Id.*). She "did not exhibit any motor limitations or pain behaviors" and "maintained a relaxed posture sitting leaned forward in the chair resting her arms on the desk." (*Id.*). There was no indication of cognitive difficulty and Plaintiff seemed of average intelligence. (*Id.*). There was no indication of delusional thought processes. (*Id.*). Plaintiff's score on the "Mini-Mental Status Exam" was 26 out of 30, indicating normal cognition and she "exhibited mental control within normal limits." (*Id.*). Plaintiff's score on Trails A of the Trail Making Test was within normal limits and her score on Trails B fell in "the moderately impaired range." (AR at p. 436). On the Fifteen Item Memory Test, Plaintiff recalled 15 of 15 items and therefore, "her performance was not indicative of malingering of memory problems." (*Id.*).

On the DSHS form which accompanied her narrative report, Dr. Islam-Zwart checked boxes indicating Plaintiff had marked limitations in her abilities to perform activities within a schedule, maintain regular attendance, and being punctual within customary tolerances without special supervision; communicate and perform effectively in a work setting; and maintain appropriate behavior in a work setting. A "marked" limitation "means a very significant limitation on the ability to perform one or more basic work activities." (AR at p. 430). The doctor also checked a box indicating Plaintiff had was "severely" limited in her ability to complete a normal work day and work week without interruptions from psychologically based symptoms. A "severe" limitation "means the inability to perform the particular activity in regular competitive employment or outside of a sheltered workshop." (AR at p. 430). Dr. Islam-Zwart did not recommend a protective payee and did not believe that vocational training or services would minimize or eliminate barriers to Plaintiff being employed. (*Id.*). She opined that Plaintiff would be impaired

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 7**

"indefinitely." (*Id.*).

In March 2016, Plaintiff was evaluated by John Arnold, Ph.D., at the behest of DSHS. He diagnosed Plaintiff with "unspecified personality disorder w/borderline features," "persistent depressive disorder, late onset," "GAD" (generalized anxiety disorder), "R/O (Rule Out] somatic symptom disorder," and "R/O SLD" (specific learning disorder). (AR at p. 733). He indicated that Plaintiff had "marked" limitations with regard to a number of basic work activities and that the overall severity of her condition was "marked." (AR at pp. 733-34). He opined that Plaintiff would be impaired for 15 months "with available treatment;" he did not recommend a protective payee; and he opined that vocational training would minimize or eliminate barriers to employment. (AR at p. 734).

In May 2014, Michael Regets, Ph.D., conducted a record review for the Washington State Disability Determination Services. One of the records he reviewed was Dr. Islam-Zwart's March 2014 evaluation. He opined that Plaintiff was mildly limited with regard to restriction of activities of daily living; moderately limited in maintaining social functioning and concentration, persistence or pace; and that there was no evidence of episodes of decompensation of extended duration. (AR at p. 105). He indicated that Plaintiff's activities of daily living were the most informative in assessing the credibility of Plaintiff's statements regarding her limitations and that objective medical findings revealed Plaintiff was capable of doing more than what she claimed. (AR at pp. 105-06). He recommended that Plaintiff work in settings that are routine and predictable. (AR at p. 108). On reconsideration, Steven Haney, M.D., concurred with Dr. Regets' opinion. (AR at pp. 118-122).

At the hearing, Dr. Winfrey, the medical expert, largely concurred with Drs. Regets and Haney. Dr. Winfrey opined that the restriction on daily living activities was mild and would be none were it not for Plaintiff's problems with money management which the doctor attributed to Plaintiff's difficulties with math, as much

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 8**

as her impulsiveness. (AR at p. 59). Dr. Winfrey considered Plaintiff to be moderately limited in terms of social functioning, but noted that Plaintiff "seems to have a good pool of friends" and "her social skills seem fine." (*Id.*). She rated Plaintiff as moderately limited in terms of concentration, persistence and pace, noting that Plaintiff's mental status exams were in the spectrum of "okay to pretty good." (*Id.*). Dr. Winfrey opined that Plaintiff needed a job that was simple, routine, repetitive and involved no math. (AR at p. 60). She opined that she did not think Plaintiff was limited in interacting with the public because the record suggested her anxiety arose when she was alone and she described having a number of friends, taking the bus places, and getting out to shop. (AR at p. 61). Dr. Winfrey agreed that Plaintiff had a somatization disorder, but opined it would not cause any further restrictions and noted that it was not mentioned in the Frontier Behavioral Health (FBH) records or in Dr. Arnold's evaluation. (AR at pp. 61-62; p. 854). Dr. Winfrey considered it to be the "lowest on [Plaintiff's] list of health issues." (AR at p. 62).

The ALJ found the opinions of "the State agency psychological consultants," Drs. Regets and Haney, "were mostly consistent with the medical evidence" and therefore, gave them "great weight." (AR at p. 29). He found the opinion of Dr. Winfrey to be "fully consistent" with the medical evidence (*Id.*). The ALJ accepted Dr. Winfrey's opinion that Plaintiff was not limited in interacting with the public, while Drs. Regets and Haney thought she was so limited.

The ALJ gave "little weight" to Dr. Islam-Zwart's opinion, finding it was "inconsistent with the medical evidence of record and contradicted by her own one-time examination." (AR at p. 29). He acknowledged Dr. Islam-Zwart had seen the Plaintiff twice previously in 2011, but because those opinions had been submitted before the period at issue (February 20, 2014 (date of application) to October 17, 2016 (date of decision)), he gave them "little weight." (AR at p. 29, fn. 2). Citing a "Function Report" Plaintiff completed for the Social Security Administration in

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 9**

May 2014, the ALJ noted that Plaintiff goes out with friends and visits with family members regularly, and admits getting along with authority figures. (AR at p. 30; pp. 273-75).

Plaintiff contends the ALJ should have given more weight to Dr. Islam-Zwart's March 2014 evaluation because of her two previous evaluations. However, in addition to being outside the relevant adjudicative period, in her January 2011 evaluation, Dr. Islam-Zwart opined that vocational training would minimize or eliminate barriers to Plaintiff's employment and that a protective payee was not necessary (AR at p. 440), and in her December 2011 evaluation, while she now thought that vocational training would not minimize or eliminate barriers to employment, she also noted that Plaintiff's PAI (Personality Assessment Inventory) results were invalid, indicating a "cry for help" or malingering (AR at p. 454), and that a R/O (Rule Out) Malingering diagnosis was appropriate.

The opinions of non-examining physicians, Drs. Winfrey, Regets and Stanley, are supported by other evidence in the record and consistent with the other evidence. As the ALJ noted, the clinician at Frontier Behavioral Health (FBH), Sal Birdtail, wrote that Plaintiff was making progress and insofar as concerned her medication management, she was meeting monthly with an FBH psychiatrist and this was "going well at this time." (AR at p. 30; p. 854). As the ALJ also noted, throughout the record, Plaintiff was oriented as to time, place, and person with normal mood and affect. (AR at p. 30). These are specific and legitimate reasons for discounting the limitations opined by Drs. Islam-Zwart and Dr. Arnold, as are Plaintiff's daily living activities which include going out with friends, shopping, attending appointments, and visiting family on a regular basis, and the fact that Plaintiff has essentially no work history such as might shed light on the extent of her limitations in the workplace. (AR at pp. 27-28).

//

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 10**

**SYMPTOM TESTIMONY**

Where, as here, the Plaintiff has produced objective medical evidence of an underlying impairment that could reasonably give rise to some degree of the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ's reasons for rejecting the Plaintiff's testimony must be clear and convincing. *Garrison v. Colvin*, 759 F.3d 95, 1014 (9th Cir. 2014); *Burrell v. Colvin,* 775 F.3d 1133, 1137 (9th Cir. 2014). If an ALJ finds a claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir.2002). Among other things, the ALJ may consider: 1) the claimant's reputation for truthfulness; 2) inconsistencies in the claimant's testimony or between his testimony and his conduct; 3) the claimant's daily living activities; 4) the claimant's work record; and 5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Id*. Subjective testimony cannot be rejected solely because it is not corroborated by objective medical findings, but medical evidence is a relevant factor in determining the severity of a claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Plaintiff's daily living activities, her lack of a work record, and testimony from Dr. Winfrey and the opinions of the State agency physicians, constitute substantial evidence in support of the RFC found by the ALJ. It follows that they also constitute clear and convincing reasons for discounting Plaintiff's testimony that she cannot perform any substantially gainful activity.

**CONCLUSION**

The evidence may well support more than one rational interpretation of the evidence. Be that as it may, ALJ Shumway rationally interpreted the evidence and

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 11**

"substantial evidence"- more than a scintilla, less than a preponderance- supports his decision that Plaintiff is not disabled.

Defendant's Motion For Summary Judgment (ECF No. 17) is **GRANTED** and Plaintiff's Motion For Summary Judgment (ECF No. 15) is **DENIED**. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly, forward copies of the judgment and this order to counsel of record, and **CLOSE** the file.

**DATED** this __12th__ day of September, 2018.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 12**